IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KEVIN GLENN PETERSON, II,<br><br>　　　　Defendant. | Case No. 3:23-cr-00090-RRB-KFR-3 |

REPORT AND RECOMMENDATION TO DENY MOTION FOR SEVERANCE

Before the Court is a Motion for Severance (hereinafter "Motion") filed by Defendant Kevin Glenn Peterson, II.[1] The government opposes the Motion.[2] Because Defendant has not met his burden of showing how a joint trial might prejudice his case, the Court recommends that the Motion be DENIED without prejudice.

I.　BACKGROUND

On October 18, 2023, a grand jury indicted Defendant, Heraclio Sanchez-Rodriguez, and Tamara Denise Bren on charges of Continuing Criminal Enterprise[3] (Count 1), Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl[4] (Count 2), Killing in Furtherance of Continuing Criminal Enterprise[5] (Counts 3–4), Kidnapping Conspiracy[6] (Count 5), Kidnapping Resulting in Death[7] (Counts 6–7), Carjacking Resulting in Death[8] (Counts 8–9), and Use of Firearm to Commit Murder in Relation to Drug Trafficking Crime[9] (Counts 10–11).[10] Defendant is charged with

---

[1] Doc. 71.
[2] Doc. 78.
[3] 21 U.S.C. § 848(a)–(b).
[4] 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A).
[5] 21 U.S.C. § 848(e)(1)(A).
[6] 18 U.S.C. § 1201(c).
[7] 18 U.S.C. §§ 1201(a)(1)–(2).
[8] 18 U.S.C. § 2119.
[9] 18 U.S.C. § 924(c)(1), (j).
[10] Doc. 4.

the offenses in Counts 2–11. The government alleges that Defendant coordinated with his codefendants to kidnap two women, using "multiple vehicles to intercept [one] victim's vehicle near Trapper Creek, Alaska, so they could carry out the kidnapping."[11] The government further alleges that Defendant "carried a firearm to be used in the kidnapping[,] . . . restrained [the victims] under threat of force at the direction of his coconspirators[,] . . . terminated a 911 call in progress made by [one victim] during the kidnapping[,] . . . [and] drove [the victims] to a hidden location, where he, at the direction of his coconspirator, . . . executed [the victims] with gunshot wounds to the head."[12] Finally, the government alleges, Defendant "buried [the victims] in a shallow grave near Trapper Creek."[13]

On November 3, 2023, Defendant, then represented by appointed counsel, had an initial appearance before the Court.[14] On December 7, 2023, Defendant waived his right to counsel and made an oral motion to represent himself, which the Court granted.[15] Defendant filed the present Motion eight days later.[16]

II. LEGAL STANDARD

Federal Rule of Criminal Procedure 8(b) permits two or more defendants to be indicted jointly "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "It is well-established that in the federal system there is a preference for joint trials where defendants have been jointly indicted."[17] This is because joint trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'"[18] Thus, a joint trial is "the rule rather than

---

[11] Doc. 78 at 2.
[12] *Id.*
[13] *Id.*
[14] Doc. 24.
[15] Doc. 67.
[16] Doc. 71.
[17] *United States v. Hernandez-Orellana*, 539 F.3d 994, 1001 (9th Cir. 2008) (citing *Zafiro v. United States*, 506 U.S. 534, 538 (1993)).
[18] *Zafiro*, 506 U.S. at 537 (quoting *Richardson v. Marsh*, 481 U.S. 200, 210 (1987)).

R&R re Motion for Severance 2
*United States v. Peterson*
3:23-cr-00090-RRB-KFR
Case 3:23-cr-00090-RRB-KFR Document 80 Filed 01/04/24 Page 2 of 6

the exception."[19]  "This is also the rule in conspiracy cases," where a joint trial is "particularly appropriate . . . because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials."[20]

However, pursuant to Federal Rule of Criminal Procedure 14(a), a court may order separate trials if the joinder of defendants risks prejudice to any party.  A court should grant a severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."[21]

III.  DISCUSSION

Defendant seeks to sever his trial from that of his two co-defendants. Defendant asserts that severance is "in the interest of justice and fair administration of criminal law," explaining that he appears to be the only defendant who has not waived his Speedy Trial Act rights.[22]

The government opposes, noting that Defendant's sole justification for severance is the "bare assertion that he desires a speedy trial."[23]  The government argues that severance is not warranted because any "modest pretrial delay" is not prejudicial enough to rebut the presumption in favor of joint trials.[24]  The government also points out that Defendant has already tolled his speedy trial clock by filing a substantive pretrial motion.[25]

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."[26]  The Speedy Trial Act "give[s] effect to this Sixth Amendment right," requiring that a defendant's trial

---

[19] *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980).
[20] *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980); *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004).
[21] *Zafiro*, 506 U.S. at 539.
[22] Doc. 71 at 1-2.
[23] Doc. 78 at 4.
[24] *Id.*
[25] *Id.*
[26] U.S. Const. amend. VI.

commence within 70 days of the filing of an indictment or the defendant's first appearance before the court in which charges are pending, "whichever date last occurs."[27] "If a defendant's trial does not begin within the requisite time period and the defendant moves for dismissal prior to trial, the court must dismiss the indictment."[28] However, "[t]his rule is tempered by the Speedy Trial Act's exclusion of certain periods of time from the 70–day calculation."[29] For example, the Speedy Trial Act excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."[30] The Speedy Trial Act also excludes "delay resulting from any pretrial motion[.]"[31]

In evaluating the reasonableness of delay under the Speedy Trial Act, a court must consider whether the defendant suffered any "actual prejudice" and "whether the delay was necessary to achieve its purpose."[32] Similarly, in evaluating whether delay has abridged a defendant's Sixth Amendment right to a speedy trial, a court should consider (1) the length of the delay, (2) the reasons for the delay, (3) the accused's assertion of the right to speedy trial, and (4) the prejudice caused by the delay.[33]

Accordingly, severance may be appropriate if a defendant is prejudiced by an unreasonable denial of the right to a speedy trial.[34] Here, however, Defendant has not made such a showing. Defendant and his two codefendants were indicted on October 18, 2023, less than three months ago, and the Court arraigned Defendant on

---

[27] *United States v. Olsen*, 21 F.4th 1036, 1040 (9th Cir. 2022); 18 U.S.C. § 3161(c)(1).
[28] *Messer*, 197 F.3 at 336 (citing 18 U.S.C. § 3162(a)(2)).
[29] *Id.* (citing 18 U.S.C. § 3161(h)).
[30] 18 U.S.C. § 3161(h)(6).
[31] *Id.* § 3161(h)(1)(D).
[32] *United States v. Hall*, 181 F.3d 1057, 1062 (9th Cir. 1999).
[33] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).
[34] *See Messer*, 197 F.3d at 340 (concluding that the district court "should have severed [a codefendant's] trial once it became apparent to the court that the codefendant was going to be tried first in [a different state]" on separate charges, highlighting "[t]he sheer length of delay" from waiting for the codefendant and [the defendants'] consistent assertions of their right to a speedy trial").

1  November 3, 2023. Defendant's speedy trial clock is currently far from having run.[35]
2  Defendant offers no specific argument for how joinder might prejudice his case
3  beyond some potential delay in going to trial, suggesting only that his right to a
4  speedy trial could be compromised if the Court does not order severance.[36] This is
5  insufficient to defeat the presumption in favor of joint trials. Furthermore, the Court
6  notes that in addition to the two motions Defendants recently filed,[37] Defendant filed
7  a motion to declare the case complex,[38] which the District Court granted.[39] These
8  actions have had and will likely continue to have implications on Defendant's speedy
9  trial clock, and render the possibility of unreasonable delay even more speculative
10 at this point.

11    In sum, Defendant has not demonstrated any serious risk that a joint trial will
12 compromise his right to a speedy trial if his trial is not severed. At this point, the
13 possibility of unreasonable delay and resulting prejudice is not clear. Defendant
14 offers no other reason why severance might be necessary. The Court therefore
15 recommends that the District Court deny the Motion.

16 //
17 //
18 //
19 //
20 //
21 //
22 //

---

[35] Seventy days from Defendant's arraignment is January 12, 2024. However, Defendant's Speedy Trial Clock has been tolled by virtue of his codefendant Sanchez-Rodriguez's waiver of time, Doc. 41, as well as his filing of a motion for counsel, Doc. 27; motion for appointment of a discovery coordinator, Doc. 48; motion for representation hearing, Doc. 56; motion to dismiss, Doc. 72; and this pending motion.
[36] *Cf. Hall*, 181 F.3d at 1062 (observing that the reasonableness of delay under 18 U.S.C. § 3161(h)(7) is typically assessed on a "case by case basis, given the fact-bound nature of the inquiry" (quoting *United States v. Franklin*, 148 F.3d 451, 457 (5th Cir. 1998))).
[37] Docs. 71, 72.
[38] Doc. 29; *see also* 18 U.S.C. § 3161(h)(7)(B).
[39] Doc. 59.

R&R re Motion for Severance  5
*United States v. Peterson*
3:23-cr-00090-RRB-KFR
Case 3:23-cr-00090-RRB-KFR   Document 80   Filed 01/04/24   Page 5 of 6

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that Defendant's Motion for Severance at Docket 71 be DENIED without prejudice.

DATED this 4th day of January, 2024 at Anchorage, Alaska.

/s/ Kyle F. Reardon
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

## NOTICE OF RIGHT TO OBJECT

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[40] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's findings and recommendations.[41]

A party may file written objections to the magistrate judge's findings and recommendations within fourteen (14) days.[42] A response to the objections may be filed within seven (7) days after any objection is filed.[43] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[44]

---

[40] 28 U.S.C. § 636(b)(1)(B).
[41] *Id.* § 636(b)(1)(C).
[42] *Id.*; L.M.J.R. 7(a)(1).
[43] L.M.J. R. 7(a)(2).
[44] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

R&R re Motion for Severance
*United States v. Peterson*
3:23-cr-00090-RRB-KFR
6
Case 3:23-cr-00090-RRB-KFR   Document 80   Filed 01/04/24   Page 6 of 6