IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

KEVIN GLENN PETERSON, II,

    Defendant.

Case No. 3:23-cr-00090-RRB-KFR-3

REPORT AND RECOMMENDATION TO DENY MOTION TO DISMISS

Before the Court is a Motion to Dismiss Indictment for Multiplicity (hereinafter "Motion") filed by Defendant Kevin Glenn Peterson, II.[1] The government opposes the Motion.[2] Because each offense with which Defendant has been charged requires proof of a fact that the others do not, and because it was permissible to charge Defendant with two counts of each offense that involves a different victim, the Court finds that the Indictment is not multiplicitous. The Court recommends that the Motion be DENIED.

I.     BACKGROUND

On October 18, 2023, a grand jury indicted Defendant, Heraclio Sanchez-Rodriguez, and Tamara Denise Bren on charges of Continuing Criminal Enterprise[3] (Count 1), Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl[4] (Count 2), Killing in Furtherance of Continuing Criminal Enterprise[5] (Counts 3–4), Kidnapping Conspiracy[6] (Count 5), Kidnapping Resulting in Death[7] (Counts 6–7),

---

[1] Doc. 72.
[2] Doc. 77.
[3] 21 U.S.C. § 848(a)–(b).
[4] 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A).
[5] 21 U.S.C. § 848(e)(1)(A).
[6] 18 U.S.C. § 1201(c).
[7] 18 U.S.C. §§ 1201(a)(1)–(2).

Carjacking Resulting in Death[8] (Counts 8–9), and Use of Firearm to Commit Murder in Relation to Drug Trafficking Crime[9] (Counts 10–11).[10] Defendant is charged with the offenses in Counts 2–11. The government alleges that Defendant coordinated with his codefendants to kidnap two women, using "multiple vehicles to intercept [one] victim's vehicle near Trapper Creek, Alaska, so they could carry out the kidnapping."[11] The government further alleges that Defendant "carried a firearm to be used in the kidnapping[,] . . . restrained [the victims] under threat of force at the direction of his coconspirators[,] . . . terminated a 911 call in progress made by [one victim] during the kidnapping[,] . . . [and] drove [the victims] to a hidden location, where he, at the direction of his coconspirator, . . . executed [the victims] with gunshot wounds to the head."[12] Finally, the government alleges, Defendant "buried [the victims] in a shallow grave near Trapper Creek."[13]

On December 7, 2023, Defendant waived his right to counsel and made an oral motion to represent himself, which the Court granted.[14] On December 18, 2023, Defendant filed the present Motion.[15]

II.   LEGAL STANDARD

The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."[16] A multiplicitous indictment raises Double Jeopardy concerns because of the "possibility that the defendant will receive more than one sentence for a single offense."[17] "An indictment is multiplicitous if it charges a single offense in multiple

---

[8] 18 U.S.C. § 2119.
[9] 18 U.S.C. § 924(c)(1), (j).
[10] Doc. 4.
[11] Doc. 78 at 2.
[12] *Id.*
[13] *Id.*
[14] Doc. 67.
[15] Doc. 72.
[16] U.S. Const. amend. V.
[17] *United States v. Reedy*, 304 F.3d 358, 363 (5th Cir.2002).

counts."[18]

To determine whether multiple statutory provisions under which a defendant was charged are actually one offense, a court examines "whether each provision requires proof of a fact which the other does not."[19] "The elements of the offenses are determinative, even if there is a substantial overlap in their proof."[20] "If two different criminal statutory provisions indeed punish the same offense . . . then conviction under both is presumed to violate congressional intent."[21]

III. DISCUSSION

Defendant asks the Court to dismiss the Indictment against him, or, in the alternative, to dismiss Counts 3–11 or to "make an election as to which count it will pursue at trial."[22] Defendant asserts that these counts are multiplicitous because they involve "a single alleged conspiracy, murder, kidnapping and drug trafficking crime."[23] Defendant contends that "[t]he conduct, agreement, and . . . overt acts alleged in all [these] counts . . . are exactly the same," and that no count "require[s] proof of an additional fact" that the other counts do not.[24] Defendant suggests that any conviction on multiple counts would violate the Fifth Amendment's prohibition on double jeopardy.[25]

The government opposes the Motion, arguing that each of the charged offenses contains at least one element unique to the pertinent offense.[26] The government acknowledges that the Indictment "alleges two counts of each substantive offense,"

---

[18] *United States v. Wachumwah*, 710 F.3d 862, 868 (9th Cir. 2013).
[19] *United States v. Overton*, 573 F.3d 679, 691 (9th Cir. 2009) (quoting *Blockburger v. United States*, 284 U.S. 299 (1932)).
[20] *United States v. Solomon*, 753 F.2d 1522, 1527 (9th Cir. 1985), *superseded on other grounds as recognized by Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1314 & n.2 (9th Cir. 1995).
[21] *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008).
[22] Doc. 72 at 1.
[23] *Id.*
[24] *Id.*
[25] *Id.* at 2–3; *see also Davenport*, 519 F.3d at 943 ("The Fifth Amendment's prohibition on double jeopardy protects against being punished twice for a single criminal offense.").
[26] Doc. 77 at 3.

aside from the single count of Kidnapping Conspiracy, but explains that this is because there are two separate victims in this case.[27] Thus, the government asserts, the Indictment does not contain any multiplicitous counts.[28]

The Court finds that each offense with which Defendant has been charged is distinct. Among other differences, each offense requires proof of the following unique element:

- <u>Counts 3–4 (Killing in Furtherance of Continuing Criminal Enterprise)</u>: the defendant was either "engag[ed] in or working in furtherance of a continuing criminal enterprise" or "engag[ed] in a [drug crime] under [21 U.S.C. §§ 841(b)(1)(A) or 960(b)(1)]."[29]
- <u>Count 5 (Kidnapping Conspiracy)</u>: the defendant conspired to commit a kidnapping with at least one other person.[30]
- <u>Counts 6–7 (Kidnapping Resulting in Death)</u>: the defendant "seize[d], confine[d], inveigle[d], decoy[ed], kidnap[ped], abduct[ed], or carrie[d] away . . . an[other] person."[31]
- <u>Counts 8–9 (Carjacking Resulting in Death)</u>: the defendant "t[ook] a motor vehicle . . . from the person or presence or another."[32]
- <u>Counts 10–11 (Use of Firearm to Commit Murder in Relation to Drug Trafficking Crime)</u>: requires that the defendant "use[d] or carrie[d] a firearm" during and in relation to "any crime of violence or drug trafficking crime," or "possesse[d] a firearm" in furtherance of any such crime.[33]

//

---

[27] *Id.* at 4.
[28] *Id.*
[29] 21 U.S.C. § 848(e)(1)(A); *see also United States v. LaFleur*, 971 F.2d 200, 212 (9th Cir. 1991).
[30] 18 U.S.C. § 1201(c).
[31] 18 U.S.C. § 1201.
[32] 18 U.S.C. § 2119.
[33] 18 U.S.C. § 924(c)(1)(A).

R&R re Motion for Severance
*United States v. Peterson*
3:23-cr-00090-RRB-KFR

4

In addition, to the extent Defendant argues the government may not prosecute him for two counts each of four offenses, the Court disagrees. Even where the Double Jeopardy Clause would bar "cumulative *punishments* for convictions on the same offense, [it] does not prohibit the State from *prosecuting* [a] [defendant] for such multiple offenses in a single prosecution."[34] Thus, as long as sufficient evidence supports an indictment's charges, there is "no impropriety" in charging separate counts for different violations of a single statute.[35] This charging decision rests in the government's prosecutorial discretion.[36]

The Ninth Circuit's decision in *United States v. Technic Services, Inc.* is instructive on this point.[37] In that case, the Ninth Circuit affirmed the district court's decision to deny a defendant's motion to consolidate six counts of obstruction on the ground of multiplicity.[38] The Ninth Circuit explained that "[a]n indictment is not multiplicitous merely because it charges more than one violation of the same statute based on related conduct; instead, a defendant can be convicted of multiple violations of the same statute if the conduct underlying each violation involves a separate and distinct act."[39] Because each count of obstruction required proof of a separate and distinct act—"that [the defendant] had solicited *the particular person* named in that count to sign the false statement"—the counts were not

---

[34] *Ohio v. Johnson*, 467 U.S. 493, 500 (1984) (emphasis added); *see also United States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006) ("[T]he Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed.").
[35] *See Ball v. United States*, 470 U.S. 856, 860 n.8 (1985) (quoting *United States v. Gaddis*, 424 U.S. 544, 550 (1976)).
[36] *See United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.").
[37] 314 F.3d 1031, 1046 (9th Cir. 2002), *overruled on other grounds by United States v. Contreras*, 593 F.3d 1135 (9th Cir. 2010).
[38] *Id.*
[39] *Id.*

multiplicitous.[40]

Here, similarly, each count of Killing in Furtherance of Continuing Criminal Enterprise, Kidnapping Resulting in Death, Carjacking Resulting in Death, and Use of Firearm to Commit Murder in Relation to Drug Trafficking Crime requires proof that Defendant killed or caused the death of the specific person named in that count.[41] The killing or death of each victim is a separate and distinct act and is properly charged as a separate count.[42]

Furthermore, even if any counts in the Indictment were multiplicitous, the most suitable remedy would be to allow those counts to proceed and to address any multiplicitous convictions before sentencing. As Defendant points out, a court may redress multiplicity in an indictment in several ways, including by dismissing the multiplicitous counts or by ordering the government to elect counts under which it will proceed.[43] A court may also "choose to have all counts proceed to trial and

---

[40] *Id.*; *see also* 18 U.S.C. § 1505 (providing for criminal penalties if the defendant "solicits another" to obstruct congressional or administrative proceedings).

[41] *See* 21 U.S.C. § 848(e)(1)(A) (providing for certain penalties if the defendant "intentionally kills . . . an individual"); 18 U.S.C. § 1201(a) (providing for certain penalties "if the death of any person results" from kidnapping); 18 U.S.C. § 2119 (providing for certain penalties "if death results" from carjacking); 18 U.S.C. § 924(j) (providing for certain penalties if the defendant "causes the death of a person through the use of a firearm").

[42] *See Ashford v. Edwards*, 780 F.2d 405 (4th Cir. 1985 (holding that there was no double jeopardy violation where defendant was convicted of two counts of attempted robbery arising from one incident involving two victims); *LaMotte v. Slansky*, 661 F. Supp. 573, 575 (D. Nev. June 11, 1997) (finding no double jeopardy violation where defendant pled guilty to three counts of the same offense involving three different victims that resulted from a single automobile accident); *cf. also United States v. Melchor-Zaragoza*, 351 F.3d 925, 928 (9th Cir. 2003) ("When . . . the gist of the offense is injury to persons, the offense against each human victim belongs in a different group [for sentencing purposes], even when the offenses arose out of a single event." (quoting *United States v. Jose-Gonzalez*, 291 F.3d 697, 707 (10th Cir. 2002))); U.S. Sent'g Guidelines Manual § 3D1.2, cmt. 8 (U.S. Sent'g Comm'n 2023) (explaining that in "[c]ases involving injury to distinct victims," each count "should be treated separately rather than grouped together" for sentencing purposes, regardless of whether "the injuries are inflicted in distinct transactions").

[43] *See* Doc. 71 at 1; *United States v. Aguilar*, 756 F.2d 1418, 1423 (9th Cir. 1985); *United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997) ("A decision of whether to require the prosecution to elect between multiplicitous counts before trial is within the discretion of the trial court.").

vacate [any] . . . multiplicitous convictions prior to sentencing."[44]  This latter remedy would be most appropriate here, where the government was within its discretion in choosing to pursue separate counts for each offense that involves two different victims, and where this choice does not appear to prejudice Defendant.[45] The Court perceives no meaningful risk of prejudice because of the overlapping nature of the evidence pertaining to each victim: that is, the government will likely present the same evidence at trial regardless of whether some of the multiple-victim counts are dismissed or abandoned.[46]

IV. CONCLUSION

Each offense to which Defendant objects requires proof of a fact that the others do not.  In addition, Defendant has properly been charged with two counts of certain offenses due to there being two victims in this case. Accordingly, the Court finds that the Indictment is not multiplicitous.  The Court therefore recommends that Defendant's Motion to Dismiss Indictment for Multiplicity at Docket 72 be DENIED.

DATED this 5th day of January, 2024 at Anchorage, Alaska.

---

[44] *United States v. King*, 713 F. Supp. 2d 1207, 1218 (D. Haw. 2010) (citing *United States v. Hector*, 577 F.3d 1099, 1101–03 (9th Cir. 2009)); *see also, e.g.*, *United States v. Green*, No. 07-30116-GPM, 2008 WL 718153, at *1 (S.D. Ill. Mar. 14, 2008) (denying motion to dismiss indictment due to multiplicity because the Double Jeopardy Clause was "not [yet] implicated").

[45] *See United States v. Matthews*, 240 F.3d 806, 818 (9th Cir. 2000) (explaining that a multiplicitous indictment does not lead to prejudice where "the government would have introduced exactly the same evidence had the indictment contained only one count of the charged offense" (internal quotation marks omitted) (quoting *United States v. Nash*, 115 F.3d 1431, 1438 (9th Cir. 1997))); *see also United States v. Earley*, 657 F.2d 195, 197 (8th Cir. 1981) ("The evidence discloses there were two distinct killings. . . . The prosecution was justified in having evidence separately considered with respect to each death and its connection with the larceny of the bank.").

[46] *See, e.g.*, Doc. 4 at 11 (alleging conspiracy to kidnap both victims and killing of the victims at the same location and time).

R&R re Motion for Severance
*United States v. Peterson*
3:23-cr-00090-RRB-KFR 7
Case 3:23-cr-00090-RRB-KFR   Document 83   Filed 01/05/24   Page 7 of 8

*s/ Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

NOTICE OF RIGHT TO OBJECT

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[47] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's findings and recommendations.[48]

A party may file written objections to the magistrate judge's findings and recommendations within fourteen (14) days.[49] A response to the objections may be filed within seven (7) days after any objection is filed.[50] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[51]

---

[47] 28 U.S.C. § 636(b)(1)(B).
[48] *Id.* § 636(b)(1)(C).
[49] *Id.*; L.M.J.R. 7(a)(1).
[50] L.M.J. R. 7(a)(2).
[51] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

R&R re Motion for Severance
*United States v. Peterson*
3:23-cr-00090-RRB-KFR
Case 3:23-cr-00090-RRB-KFR   Document 83   Filed 01/05/24   Page 8 of 8