IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KEVIN GLENN PETERSON, II,<br><br>　　　　　　Defendant. | Case No. 3:23-cr-00090-RRB-KFR-3 |

**REPORT AND RECOMMENDATION TO DENY MOTION TO DISMISS FOR VIOLATION OF THE SPEEDY TRIAL ACT**

Before the Court is a Motion to Dismiss for Violation of the Speedy Trial Act (hereinafter "Motion") filed by Defendant Kevin Glenn Peterson, II.[1] The government opposes the Motion.[2] Although Defendant requests a hearing on the Motion,[3] the Court finds that a hearing is not necessary and would not assist in resolving the issues presented.[4] Because Defendant has not shown that his speedy trial rights have been violated,[5] the Court recommends that the Motion be **DENIED without prejudice.**

**I.   BACKGROUND**

On October 18, 2023, a grand jury indicted Defendant, Heraclio Sanchez-

---

[1] Doc. 79; *see also* Doc. 81.
[2] Doc. 90.
[3] Doc. 82.
[4] A court need not hold a hearing on a defendant's pretrial motion "merely because a defendant wants one. Rather, the defendant must demonstrate that a significant disputed factual issue exists such that a hearing is required." *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) (internal citation omitted). Here, Defendant did not support his request for a hearing with any explanation for why a hearing might be appropriate. The Court therefore exercises its discretion to deny Defendant's request for a hearing. *See United States v. Santora*, 600 F.2d 1317, 1320 (9th Cir. 1979), *as amended*, 609 F.2d 433 (9th Cir. 1979).
[5] Despite the Motion's title, Defendant asserts violations of both his statutory and constitutional rights to a speedy trial.

Rodriguez, and Tamara Denise Bren on charges of Continuing Criminal Enterprise[6] (Count 1), Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl[7] (Count 2), Killing in Furtherance of Continuing Criminal Enterprise[8] (Counts 3–4), Kidnapping Conspiracy[9] (Count 5), Kidnapping Resulting in Death[10] (Counts 6–7), Carjacking Resulting in Death[11] (Counts 8–9), and Use of Firearm to Commit Murder in Relation to Drug Trafficking Crime[12] (Counts 10–11).[13] Defendant is charged with the offenses in Counts 2–11. The government alleges that Defendant coordinated with his codefendants to kidnap two women, using "multiple vehicles to intercept [one] victim's vehicle near Trapper Creek, Alaska, so they could carry out the kidnapping."[14] The government further alleges that Defendant "carried a firearm to be used in the kidnapping[,] . . . restrained [the victims] under threat of force at the direction of his coconspirators[,] . . . terminated a 911 call in progress made by [one victim] during the kidnapping[,] . . . [and] drove [the victims] to a hidden location, where he, at the direction of his coconspirator, . . . executed [the victims] with gunshot wounds to the head."[15] Finally, the government alleges, Defendant "buried [the victims] in a shallow grave near Trapper Creek."[16]

On November 3, 2023, Defendant, then represented by appointed counsel, had an initial appearance before the Court.[17] The Court set a trial scheduling conference before the District Court for December 27, 2023.[18] On November 6, 2023, Defendant's counsel filed an unopposed motion to continue the trial scheduling

---

[6] 21 U.S.C. § 848(a)–(b).
[7] *Id.* §§ 846, 841(a)(1), (b)(1)(A).
[8] *Id.* § 848(e)(1)(A).
[9] 18 U.S.C. § 1201(c).
[10] *Id.* § 1201(a)(1)–(2).
[11] *Id.* § 2119.
[12] *Id.* § 924(c)(1), (j).
[13] Doc. 4.
[14] Doc. 78 at 2.
[15] *Id.*
[16] *Id.*
[17] Doc. 24.
[18] *Id.*

R&R re Motion to Dismiss for Violation of the Speedy Trial Act
*United States v. Peterson*
Case 3:23-cr-00090-RRB-KFR    Document 95    Filed 01/23/24    Page 2 of 11

2

conference to a date on or after January 15, 2024.[19]  On December 5, 2023, the District Court granted this motion and reset the trial scheduling conference for January 17, 2024.[20]

On December 7, 2023, Defendant waived his right to counsel and made an oral motion to represent himself, which the Court granted.[21]  Defendant then filed two substantive motions in short order, including a Motion for Severance based on Defendant's assertion of his speedy trial rights.[22]  On January 4, 2024, the Court recommended that the District Court deny Defendant's Motion for Severance, concluding that Defendant "ha[d] not demonstrated any serious risk that a joint trial will compromise his right to a speedy trial if his trial is not severed."[23]  The Court determined that Defendant had not shown prejudice from an unreasonable denial of the right to a speedy trial, explaining:

> Defendant and his two codefendants were indicted on October 18, 2023, less than three months ago, and the Court arraigned Defendant on November 3, 2023. Defendant's speedy trial clock is currently far from having run.  Defendant offers no specific argument for how joinder might prejudice his case beyond some potential delay in going to trial, suggesting only that his right to a speedy trial could be compromised if the Court does not order severance.  Furthermore, the Court notes that in addition to the two motions Defendants recently filed, Defendant filed a motion to declare the case complex, which the District Court granted.  These actions have had and will likely continue to have implications on Defendant's speedy trial clock, and render the possibility of unreasonable delay even more speculative at this point.[24]

Defendant filed the present Motion to Dismiss for Violation of the Speedy Trial

---

[19] Doc. 28.
[20] Doc. 59.
[21] Doc. 67.
[22] Docs. 71, 72.
[23] Doc. 80 at 5.
[24] Doc. 80 at 4–5 (footnotes omitted).

R&R re Motion to Dismiss for Violation of the Speedy Trial Act
*United States v. Peterson*
Case 3:23-cr-00090-RRB-KFR    Document 95    Filed 01/23/24    Page 3 of 11

3

Act that same day.[25]

## II. LEGAL STANDARD

In criminal cases there are two related bases for examining speedy trial claims.[26] The first is the Sixth Amendment, which guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."[27] The second is the Speedy Trial Act, which "give[s] effect to this Sixth Amendment right," requiring that a defendant's trial commence within 70 days of the filing of an indictment or the defendant's first appearance before the court in which charges are pending, "whichever date last occurs."[28]

As it relates to the Speedy Trial Act, "[i]f a defendant's trial does not begin within the requisite time period and the defendant moves for dismissal prior to trial, the court must dismiss the indictment."[29] However, "[t]his rule is tempered by the Speedy Trial Act's exclusion of certain periods of time from the 70-day calculation."[30] For example, the statute excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."[31] The Speedy Trial Act also excludes "delay resulting from any pretrial motion[.]"[32] In evaluating the reasonableness of delay under the Speedy Trial Act, a court must consider whether the defendant suffered any "actual prejudice" and "whether the delay was necessary to achieve its purpose."[33]

Similarly, in evaluating whether delay has abridged a defendant's Sixth

---

[25] Doc. 79.
[26] *See United States v. Lonich*, 23 F.4th 881, 891 (9th Cir. 2022) ("Criminal defendants enjoy certain protections from post-indictment delays. Some are statutory, codified in the Speedy Trial Act. Others are constitutional, rooted in the Sixth Amendment's Speedy Trial Clause." (citations omitted)).
[27] U.S. Const. amend. VI.
[28] *United States v. Olsen*, 21 F.4th 1036, 1040 (9th Cir. 2022); 18 U.S.C. § 3161(c)(1).
[29] *Messer*, 197 F.3 at 336 (citing 18 U.S.C. § 3162(a)(2)).
[30] *Id.* (citing 18 U.S.C. § 3161(h)).
[31] 18 U.S.C. § 3161(h)(6).
[32] *Id.* § 3161(h)(1)(D).
[33] *United States v. Hall*, 181 F.3d 1057, 1062 (9th Cir. 1999).

R&R re Motion to Dismiss for Violation of the Speedy Trial Act
*United States v. Peterson*

4

Amendment right to a speedy trial, a court should consider (1) the length of the delay, (2) the reasons for the delay, (3) the accused's assertion of the right to speedy trial, and (4) the prejudice caused by the delay.[34] No one of these factors is necessary or sufficient and there is no affirmative demonstration of prejudice necessary to prove a violation of the constitutional right to a speedy trial; instead, the four related factors "must be considered together with such other circumstances as may be relevant."[35]

The first factor is a two-part "triggering mechanism" for the remainder of the analysis.[36] A defendant must first "show that the period between indictment and trial passes a threshold point of 'presumptively prejudicial' delay."[37] If the defendant fails to do so, the inquiry ends and the district court does not examine the remaining three factors.[38] "If, however, the threshold showing is made, the court considers the extent to which the delay exceeds the threshold point in light of the degree of diligence by the government and acquiescence by the defendant to determine whether sufficient prejudice exists to warrant relief."[39]

### III. DISCUSSION

Defendant argues that there has been unreasonable delay in this case, in violation of his statutory and constitutional speedy trial rights.[40] Specifically, Defendant maintains that his former counsel improperly moved to continue the initial trial scheduling conference against his will.[41] Defendant suggests that his former counsel "used the fact that [his] case is complex in order to justify the continuance," and that the 21-day continuance that the District Court granted

---

[34] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).
[35] *Moore v. Arizona*, 414 U.S. 25, 26 (1973) (per curiam) (citation omitted).
[36] *Lonich*, 23 F.4th at 893.
[37] *United States v. Beamon*, 992 F.2d 1009, 1012 (9th Cir. 1993) (quoting *Doggett v. United States*, 505 U.S. 647, 652 (1992)).
[38] *Id.*
[39] *Id.*
[40] Doc. 79 at 1–2.
[41] *Id.* at 2; Doc. 81 at 3.

R&R re Motion to Dismiss for Violation of the Speedy Trial Act
*United States v. Peterson*

5

"prejudiced [his] rights" and "caused unnecessary delay."[42] Defendant maintains that dismissal of the Indictment is appropriate because 70 days have now elapsed since the Indictment was filed, which constitutes excessive delay under the Speedy Trial Act and the Sixth Amendment.[43]

The government opposes, arguing that Defendant's speedy trial rights have not been violated.[44] The government notes that several events in this case have tolled Defendant's statutory Speedy Trial Clock, including Codefendant Sanchez-Rodriguez's waiver of time, Defendant's motion to appoint a discovery coordinator, the District Court's designation of this case as complex, and the three substantive motions Defendant has filed since electing to represent himself.[45] The government further argues that the time that has passed since Defendant's indictment is not sufficient to warrant the "extreme remedy of dismissal."[46]

The Court finds that dismissal of the Indictment is not warranted for similar reasons as those set forth in the Court's recommendation to deny Defendant's Motion for Severance. As the Court explained then and as the government points out now, there are numerous exclusions to the Speedy Trial Act's requirement that a defendant's trial begin within 70 days of the later of the filing of an indictment or the defendant's appearance before the court in which the charges in the Indictment are pending.[47] Relevant here are the exclusions for:

- "[D]elay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion";[48]
- "[D]elay reasonably attributable to any period, not to exceed thirty

---

[42] Doc. 79 at 2; Doc. 81 at 2.
[43] Doc. 79 at 3; Doc. 81 at 2.
[44] Doc. 90 at 3–5.
[45] *Id.* at 2.
[46] *Id.* at 4–5.
[47] Doc. 80 at 3–4.
[48] 18 U.S.C. § 3161(h)(1)(D).

R&R re Motion to Dismiss for Violation of the Speedy Trial Act
*United States v. Peterson*
6
Case 3:23-cr-00090-RRB-KFR    Document 95    Filed 01/23/24    Page 6 of 11

days, during which any proceeding concerning the defendant is actually under advisement by the court";[49]

- "A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted";[50] and

- "Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."[51]

As an initial matter, Defendant is incorrect that the date of his indictment (October 18, 2023) is the starting point for the Speedy Trial Clock calculation.[52] Rather, the proper starting point is the "indictment or arraignment (whichever comes last) of the last defendant."[53] In this case, the arraignment of the final codefendant (Sanchez-Rodriguez) occurred on November 13, 2023, 54 days prior to Defendant's Motion.[54] That date is therefore the controlling date for purposes of calculating the time remaining on Defendant's Speedy Trial Clock.[55]

In addition, several events in this case have triggered overlapping exclusions to the Speedy Trial calculation, including Defendant's own filing of motions since he

---

[49] *Id.* § 3161(h)(1)(H).
[50] *Id.* § 3161(h)(6).
[51] *Id.* § 3161(h)(7)(A).
[52] Doc. 79 at 3; Doc. 81 at 2.
[53] *United States v. Daychild*, 357 F.3d 1082, 1090 (9th Cir. 2004); *see also Henderson v. United States*, 476 U.S. 321, 323 n. 2 (1986) (holding that all defendants joined for trial generally fall within the same speedy trial computation of the latest defendant).
[54] Doc. 39.
[55] Even if Defendant's appearance on the Indictment (on November 3, 2023) had triggered his Speedy Trial Clock, Defendant filed the Motion only 64 days later (on January 4, 2024). Docs. 24, 79.

R&R re Motion to Dismiss for Violation of the Speedy Trial Act
*United States v. Peterson*
Case 3:23-cr-00090-RRB-KFR     Document 95     Filed 01/23/24     Page 7 of 11
7

began representing himself.[56] While Defendant now argues that his former counsel improperly excluded time under the Speedy Trial Act, and that those actions should not count against Defendant, this argument fails. "[A]bsent egregious circumstances," responsibility for tactical decisions made by appointed counsel during the period of representation "rightfully accrue to [Defendant]."[57] Motions to seek continuances in complex cases in order to review discovery and prepare are such tactical decisions reserved to Defendant's appointed counsel.[58]

Moreover, because no motion for severance has been granted, any waiver of time made by a codefendant in this case affects not only that codefendant's Speedy Trial Clock, but Defendant's as well.[59] Therefore, Codefendant Sanchez-Rodriguez's agreement to an exclusion of time from November 13, 2023, until the date of the trial scheduling conference, tolled Defendant's Speedy Trial Clock during that period.[60] Defendant's Speedy Trial Clock was further tolled at the trial scheduling conference, where the District Court granted a continuance and found excludable delay from that date until April 9, 2024, the date of the next status hearing in the case.[61]

In short, 70 days have not passed since commencement of Defendant's Speedy Trial Clock and the filing of the Motion. This is true given both the absolute number

---

[56] *See* Docs. 27 (Defendant's motion to appoint associate counsel), 29 (Defendant's motion to declare case complex), 41 (Codefendant Sanchez-Rodriguez's waiver of time), 48 (Defendant's motion to appoint a discovery coordinator), 56 (Defendant's motion for a representation hearing), 59 (District Court's order granting continuance and declaring case complex), 71 (Defendant's motion for severance), 72 (Defendant's motion to dismiss for multiplicity), 79 (Defendant's present motion).

[57] *See United States v. Tanh Huu Lam*, 251 F.3d 852, 857–58 (9th Cir. 2001) (rejecting argument that the defendant should not bear responsibility for "legitimate delays" resulting from continuances requested by his attorney, despite the defendant's repeated assertions of his speedy trial rights which "contradict[ed] his lawyer's behavior"); *see also id.* at 858 (citing *United States v. Guerra de Aguilera*, 600 F.2d 752, 753 (9th Cir. 1979) ("Litigants are generally bound by the conduct of their attorneys, absent egregious circumstances.")).

[58] *Lam*, 251 F.3d at 857.

[59] *See* 18 U.S.C. § 3161(h)(6).

[60] *See* Doc. 41; 18 U.S.C. § 3161(h)(6).

[61] Doc. 94 (citing 18 U.S.C. § 3161(h)(7)(B)(i), (ii), (iv)). Defendant did not object to the Court's finding of excludable delay.

of days that passed between Sanchez-Rodriguez's arraignment and Defendant's Motion alleging a violation of the Speedy Trial rights, as well as the number of days that have run as calculated pursuant to the Speedy Trial Act. Consequently, even if the Court accepts as true Defendant's assertions regarding his former co-counsel, Defendant's Speedy Trial Clock has not yet run or come close to reaching that point.

Finally, the Court finds that Defendant's constitutional right to a speedy trial has not been violated.[62] The Sixth Amendment's speedy trial clause aims "to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself."[63] Where, as here, the time limits of the Speedy Trial Act have been met, there is a "strong presumption" of compliance with the Sixth Amendment.[64] To rebut this presumption, a defendant must "show that the period between indictment and trial passes a threshold point of 'presumptively prejudicial' delay."[65] Defendant has not made this showing here. Only 81 days have elapsed since Defendant's indictment and it is currently unclear when Defendant will proceed to trial. Although delays approaching one year are presumptively prejudicial, the Court is not aware of any case law suggesting that a delay of less than three months is in any way excessive or prejudicial, particularly in a case such as this one in which Defendant is charged with serious felonies that carry the possibility of mandatory life imprisonment.[66] Because Defendant has failed

---

[62] *See* Doc. 80 at 4–5.

[63] *United States v. Marion*, 404 U.S. 307, 320 (1971) (quoting *United States v. Ewell*, 383 U.S. 116, 120 (1966)).

[64] *United States v. Baker*, 63 F.3d 1478, 1497 (9th Cir. 1995); *see also United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007) (it is "unusual" to find a Sixth Amendment violation when there is no Speedy Trial Act violation).

[65] *Beamon*, 992 F.2d at 1012 (quoting *Doggett*, 505 U.S. at 652).

[66] *See Barker*, 407 U.S. at 530-31 ("[B]ecause of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case. To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge."); *see also United States v. Gregory*, 322 F.3d 1157, 1161–62 (9th Cir. 2003) (holding

to demonstrate that there has been a presumptively prejudicial delay between his indictment and his upcoming trial, the Court need not examine the remaining factors of the constitutional speedy trial inquiry.[67]

### IV. CONCLUSION

Because Defendant has not demonstrated that his statutory or constitutional speedy trial rights have been violated, the Court recommends that Defendant's Motion to Dismiss for Violation of the Speedy Trial Act at Docket 79 be **DENIED without prejudice**.

DATED this 23rd day of January, 2024 at Anchorage, Alaska.

                                                      *s/ Kyle F. Reardon*
                                                     KYLE F. REARDON
                                                     United States Magistrate Judge
                                                     District of Alaska

**NOTICE OF RIGHT TO OBJECT**

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[68] A district court judge may accept, reject, or modify,

---

that delays approaching one year are presumptively prejudicial); *Lonich*, 23 F.4th at 893 (determining that an eight-month delay was sufficient to trigger the full four-factor inquiry for evaluating whether a defendant's Sixth Amendment right to a speedy trial has been violated); *Beamon*, 992 F.2d at 1013 (citing *United States v. Vassell*, 970 F.2d 1162, 1164 (2d Cir. 1992), for the proposition that there is a general consensus in the courts of appeals that eight months constitutes the threshold minimum).

[67] Defendant cites *United States v. Tigano*, 580 F.3d 602 (2d Cir. 2018), for the proposition that delay caused by appointed counsel should weigh against the government when the appointed counsel acts against the wishes of an objecting defendant. Doc. 79 at 2. That may be the case where the delay in the case crosses the minimum threshold to be considered presumptively prejudicial. Because that is not the case here, the Court disagrees with Defendant that any filing of an unwanted motion warrants dismissal of the Indictment.

[68] 28 U.S.C. § 636(b)(1)(B).

R&R re Motion to Dismiss for Violation of the Speedy Trial Act
*United States v. Peterson*
Case 3:23-cr-00090-RRB-KFR    Document 95    Filed 01/23/24    Page 10 of 11

10

in whole or in part, the magistrate judge's findings and recommendations.[69]

A party may file written objections to the magistrate judge's findings and recommendations within fourteen (14) days.[70] A response to the objections may be filed within seven (7) days after any objection is filed.[71] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[72]

---

[69] *Id.* § 636(b)(1)(C).
[70] *Id.*; L.M.J.R. 7(a)(1).
[71] L.M.J. R. 7(a)(2).
[72] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).