IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

          Plaintiff,

          v.

KEVIN GLENN PETERSON, II,

          Defendant.

Case No. 3:23-cr-00090-RRB-KFR-3

**REPORT AND RECOMMENDATION TO DENY MOTION TO DISMISS INDICTMENT FOR LACK OF JURISDICTION**

Before the Court is a Motion to Dismiss Indictment for Lack of Jurisdiction (hereinafter "Motion") filed by Defendant Kevin Glenn Peterson, II.[1] The government opposes the Motion.[2] Because the United States District Court for the District of Alaska ("District Court") unquestionably has jurisdiction over this case, the Court recommends that the Motion be **DENIED**.

Defendant asserts that the charges against him should be dismissed because the District Court lacks jurisdiction over this case.[3] Defendant suggests that the District Court lacks jurisdiction because it was not "ordained and established by Congress."[4] The government responds that the District Court has jurisdiction over this federal criminal case pursuant to 18 U.S.C. § 3231, which grants federal district courts original jurisdiction "of all offenses against the laws of the United States."[5] The government adds that Congress did, in fact, ordain and establish the District Court when it enacted the Alaska Statehood Act of 1958,[6] which included the

---

[1] Doc. 101.
[2] Doc. 102.
[3] Doc. 101 at 1–2.
[4] *Id.* at 2 (citing *Ex parte Milligan*, 71 U.S. (4 Wall.) 2 (1866)).
[5] Doc. 102 at 2.
[6] Pub. L. No. 85-508, § 12(b), 72 Stat. 339, 348 (1958).

following provision: "Alaska constitutes one judicial district. Court shall be held at Anchorage, Fairbanks, Juneau, Ketchikan, and Nome."[7]

Article III, § 1, of the Constitution provides that "[t]he judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." The congressional power to ordain and establish inferior courts includes the power to "defin[e] their jurisdiction."[8] Subject matter jurisdiction is necessary for a court to have power to hear a particular type of case.[9] Pursuant to its Article III authority, Congress has lawfully established 94 federal district courts[10] and conferred those courts with subject matter jurisdiction over federal criminal prosecutions.[11] In other words, Congress has properly given federal district courts subject matter jurisdiction over cases involving federal crimes,[12] including this case, where Defendant has been charged with multiple federal crimes.[13] Furthermore, as the government explains, Congress more specifically ordained and established the District Court as part of the Alaska Statehood Act, which admitted the State of Alaska to the union.

Defendant's argument to the contrary relies on the incorrect premise that the entire federal judiciary exists solely by virtue of presidential action.[14] Specifically, Defendant appears to contend that the enactment of a 1948 bill that revised and codified the laws related to the federal judiciary and judicial procedure was an invalid "political act[]" because the president signed that bill "after Congress adjourned and was not in session."[15] This argument has no merit. No law requires that the president sign bills while Congress is still in session; the Constitution

---

[7] *Id.* (codified at 28 U.S.C. § 81A); Doc. 102 at 2.
[8] *Palmore v. United States*, 41 U.S. 389, 400–01 (1973).
[9] *United States v. Morton*, 467 U.S. 822, 827 (1984).
[10] *Wellness Intern. Network, Ltd. v. Sharif*, 575 U.S. 665, 668 (2015).
[11] 18 U.S.C. § 3231.
[12] *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (citing 18 U.S.C. § 3231).
[13] *See* Doc. 4.
[14] Doc. 101 at 2.
[15] *Id.*; *see also* H.R. 3214, 80th Cong. (approved as Pub. L. No. 80-773) (1948).

requires only that, to become law, bills passed by Congress must be presented to and signed by the president.[16] The 1948 bill's legislative history confirms that the bill was enacted in accordance with these requirements: the House and Senate passed the bill, and the president then signed it into law.[17]

In sum, the District Court has jurisdiction over Defendant's case. The Court therefore recommends that Defendant's Motion to Dismiss Indictment for Lack of Jurisdiction at Docket 101 be **DENIED**.

DATED this 23rd day of February, 2024 at Anchorage, Alaska.

*s/ Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

**NOTICE OF RIGHT TO OBJECT**

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[18] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's findings and recommendations.[19]

A party may file written objections to the magistrate judge's findings and recommendations within fourteen (14) days.[20] A response to the objections may be filed within seven (7) days after any objection is filed.[21] Objections and responses are limited to five (5) pages in length and should not merely reargue positions

---

[16] U.S. Const. art. I, § 7, cl. 2.
[17] 94 Cong. Rec. 7927, 8498, 8540, 8714, 9367 (1948).
[18] 28 U.S.C. § 636(b)(1)(B).
[19] *Id.* § 636(b)(1)(C).
[20] *Id.*; L.M.J.R. 7(a)(1).
[21] L.M.J. R. 7(a)(2).

previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[22]

---

[22] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).